UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BARBARA HOWCROFT,

    Plaintiff,

vs.

FI-BOCA RATON, LLC, a Florida
limited liability company, d/b/a BOCA
RATON REHABILITATION CENTER,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARBARA HOWCROFT ("Plaintiff"), by and through her undersigned counsel, sues the Defendant, FI-BOCA RATON, LLC a Florida limited liability company, d/b/a BOCA RATON REHABILITATION CENTER ("Defendant"), and for her causes of action, declares and avers as follows:

1. This action seeks declaratory, injunctive, and equitable relief, as well as compensatory damages, costs and attorneys' fees, based on the Defendant's unlawful termination of Plaintiff's employment in retaliation for Plaintiff's claim and/or attempt to claim benefits, pursuant to Florida's Workers' Compensation Law, § 440.205, Fla. Stat.  This action also seeks compensation and other relief, liquidated damages, costs and attorneys' fees, based on the Defendant's unlawful termination of Plaintiff's employment, constituting interference with Plaintiff's leave of absence rights, and retaliation, pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (hereinafter referred to as "the FMLA").

2. Plaintiff is a resident of Palm Beach County, Florida, and within the jurisdiction of this Court.

3. Defendant is a Florida limited liability company, authorized to do, and doing, business in Boca Raton, Palm Beach County, Florida, and within the jurisdiction of this Court.

4. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. § 2617, as well as the Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367 (a).

5. Venue is proper in the Southern District because the unlawful employment actions giving rise to this lawsuit occurred in the Southern District of Florida.

6. At all times material hereto, Plaintiff was an "employee" and Defendant was an "employer" for purposes of Florida's Workers' Compensation Law, § 440.205, Fla. Stat., as well as under the FMLA, 29 U.S.C. § 2601.

7. At all times material hereto, Plaintiff was an "eligible employee" under the FMLA.

8. At all times material hereto, Defendant was a "covered employer" within the meaning of the FMLA.

9. At all times material hereto, Defendant was, and continues to be, engaged in interstate commerce as defined by the FMLA, employing fifty (50) or more employees each working day during at least twenty (20) calendar weeks in the current or preceding calendar year.

10. On or about February 1, 2012, Defendant hired Plaintiff as a as a registered nurse for Defendant's rehabilitation center.

11. At all times material hereto, Plaintiff was qualified for her position and performed her job competently, receiving exemplary reviews during her seven (7) plus years of employment with Defendant.

12. On or about June 3, 2019, while making her rounds, and in the course and scope of her employment with Defendant, Plaintiff slipped on an unknown substance and severely injured her lip, mouth and the lower portion of her face.

13. Plaintiff immediately informed her nursing supervisor that she had slipped and fallen and, as such, required immediate medical treatment. The nursing supervisor requested that Plaintiff complete an incident report. Plaintiff followed the nursing supervisor's request and completed the paperwork to the best of her ability before going to the emergency room for treatment.

14. The impact to Plaintiff's face caused intense pain in her mouth and migraine headaches, making it impossible for her to return to work to perform the functions of her employment directly after the accident. Plaintiff's face and lips were visibly bruised and swollen.

15. Directly after the accident, Plaintiff spoke to Annette Odom, who was employed by Defendant in its human resources department, and Kawaisha Waldon, who was employed by Defendant as its Director of Nursing. Plaintiff explained to Odom and Waldon that she required dental work as a result of the injuries she suffered and consequently, requested time off from work in order to recover.

16. At all times material hereto, Odom and Waldon had power and control over Plaintiff including, but not limited to, the power to terminate Plaintiff or, in the alternative, to influence or effect final corporate decisions regarding the termination of Plaintiff.

17. Since Defendants employed Odom and Waldon and vested them with supervisory authority and control over Plaintiff, including but not limited to the power to terminate Plaintiff, or, in the alternative, to effectively cause or bring about the termination of Plaintiff, Defendant is responsible for the acts and conduct of Odom and Waldon.

18.     At the time of the call, Odom and Waldon understood Plaintiff's prognosis was still unknown, such that they did not pressure her to give them a potential date on which she would be able to return to work.

19.     Over the next week or so, Plaintiff attempted to stay in contact, and communicate, with Defendant, requesting contact information for the Defendant's workers' compensation carrier.  Defendant, however, failed to respond.  Having had her attempts seemingly ignored, Plaintiff personally appeared at Defendant's site and asked Odom whether she could speak with her, but Odom brushed Plaintiff to the side, explaining that she was "too busy" to provide the requested workers' compensation information.  Plaintiff literally chased Odom down the hallway before Odom directed Plaintiff to Waldon, who simply informed Plaintiff that a letter had been sent to her home terminating her employment.

20.     Defendant thus terminated Plaintiff, causing Plaintiff to lose a job that paid her approximately $60,000.00 in 2018.

21.     Since the time of her termination, Plaintiff has been unable to secure substantially equivalent employment, despite a duly diligent effort to do so.

### COUNT I - RETALIATORY DISCHARGE IN VIOLATION OF FLORIDA'S WORKERS' COMPENSATION LAW, § 440.205, FLORIDA STATUTES

22.     Plaintiff realleges and reavers all allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     By and through her above-described actions, Plaintiff engaged in statutorily protected expression under Florida's Workers' Compensation Law.

24.     Defendant wrongfully and unlawfully terminated Plaintiff's employment in retaliation for Plaintiff having engaged in statutorily protected expression under Florida's Workers' Compensation Law.

25. Plaintiff's statutorily protected expression under Florida's Workers' Compensation Law was a substantial, if not the sole, factor in the decision by Defendants to terminate her employment.

26. As a direct result of Plaintiff's statutorily protected expression under Florida's Workers' Compensation Law, Defendant engaged in the above-described retaliatory termination of Plaintiff's employment in violation of § 440.205, Fla. Stat.

27. Defendant engaged in the unlawful and retaliatory termination of Plaintiff's employment with malice and reckless indifference to Plaintiff's rights under § 440.205, Fla. Stat.

28. Plaintiff has suffered direct pecuniary losses as a result of Defendant's violation of § 440.205, Fla. Stat.

29. Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant's violation of § 440.205, Fla. Stat.

30. Plaintiff will suffer future pecuniary losses as a direct result of Defendant's violation of § 440.205, Fla. Stat.

31. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged, and Plaintiff is suffering and will continue to suffer irreparable injury as a result of Defendant's violation of § 440.205, Fla. Stat., unless Defendant is enjoined by the Court.

**WHEREFORE,** Plaintiff, Barbara Howcroft, respectfully requests that this Honorable Court:

a) Declare Defendant's conduct to be in violation of Plaintiff's rights under §440.205, Fla. Stat.;

b) Enjoin Defendant from engaging in such conduct;

    c)    Reinstate Plaintiff to her position with Defendant, or, in the alternative, award Plaintiff front pay in lieu of reinstatement;

    d)    Award compensation to Plaintiff for all loss wages, benefits, and other remuneration;

    e)    Award compensatory damages to Plaintiff;

    f)    Award Plaintiff her costs; and

    g)    Grant such further relief as this Court may deem just and proper.

### COUNT II - VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993 - INTERFERENCE WITH RIGHTS

32.    Plaintiff incorporates as if fully realleged herein paragraphs 1 through 21.

33.    By its above-described acts and conduct, Defendant has violated the FMLA insofar as it interfered with Plaintiff's exercise of substantive rights under the FMLA.

34.    Specifically, by terminating Plaintiff's employment after she expressly requested time off, Defendant interfered with/denied Plaintiff's statutory right to take a medical leave of absence and be restored to her same or substantially equivalent position at the conclusion of the leave.

35.    Plaintiff has suffered direct pecuniary losses as a result of Defendant's above-described violation of the FMLA.

36.    Plaintiff will suffer future pecuniary losses as a direct result of Defendant's violation of the FMLA.

37.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendant unless Defendant is enjoined by this Court.

WHEREFORE, Plaintiff, Barbara Howcroft, respectfully requests that this Honorable Court:

a) Declare Defendant's conduct to be in violation of the FMLA;

b) Enjoin Defendant from further engaging in such conduct;

c) Award Plaintiff lost wages and other compensation;

d) Award Plaintiff liquidated damages;

e) Award Plaintiff pre-judgment interest;

f) Award Plaintiff costs and reasonable attorney's fees; and

g) Grant such other and further relief as may be deemed just and proper in the premises.

### COUNT III - VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993 - **RETALIATION**

38. Plaintiff incorporates as if fully realleged herein paragraphs 1 through 21.

39. By its above-described acts and conduct, Defendant has violated the FMLA insofar as it has retaliated against Plaintiff for exercising her FMLA rights.

40. Specifically, by terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising her statutory right to take medical leave to which she was entitled.

41. Plaintiff has suffered direct pecuniary losses as a result of Defendant's above-described violation of the FMLA.

42. Plaintiff will suffer future pecuniary losses as a direct result of Defendant's violation of the FMLA.

43. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendant unless Defendant is enjoined by this Court.

WHEREFORE, Plaintiff, Barbara Howcroft, respectfully requests that this Honorable Court:

    A.    Declare Defendant's conduct to be in violation of the FMLA;

    B.    Enjoin Defendant from further engaging in such conduct;

    C.    Award Plaintiff lost wages and other compensation;

    D.    Award Plaintiff liquidated damages;

    E.    Award Plaintiff pre-judgment interest;

    F.    Award Plaintiff costs and reasonable attorney's fees; and

    G.    Grant such other and further relief as may be deemed just and proper in the premises.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: October 3, 2019  
Boca Raton, FL

Respectfully submitted,

*s/ Daniel R. Levine*  
DANIEL R. LEVINE, ESQ.  
Florida Bar No. 0057861  
E-Mail: DRL@PBL-Law.com  
PADULA BENNARDO LEVINE, LLP  
3837 NW Boca Raton Blvd., Suite 200  
Boca Raton, FL   33431  
Telephone:     (561) 544-8900  
Facsimile:      (561) 544-8999  
Attorney for Plaintiff